Dear Mr. Ponder:
This office is in receipt of your opinion request regarding the appropriate procedure to be followed in order to change the method of electing judges to the Baton Rouge City Court.
Your request states that a member of the Baton Rouge city council has introduced an item to authorize the establishment of election subdistricts for the Baton Rouge City Court, and you seek an opinion on whether election subdistricts can be created by municipal ordinance, or would require an amendment to either the plan of government for the City of Baton Rouge, the Revised Statutes or the State Constitution.
You note in your request that LSA-R.S. 13:1872(D) provides that Baton Rouge City Court judges shall be elected in the manner provided in the plan of government for the City of Baton Rouge. You further state that the plan of government, however, is silent on the subject of election subdistricts.
Our research of the history of the City Court of Baton Rouge reveals that Act 257 of 1944 (which became LSA-R.S.13:2701 of the Revised Statutes of 1950) first provided for the election of a city judge for the city of Baton Rouge "pursuant to law and the provisions of the charter of the city of Baton Rouge." By this act, the legislature delegated to the city the authority to provide for the method of electing judges, but only through enactment of provisions in the city charter. At that time Baton Rouge had only one city judge who was elected from an election district that consisted of the entire city of Baton Rouge.
Your office has provided a copy of Section 11.04 of the plan of government of the city of Baton Rouge that was enacted on May 28, 1952. That provision which in pertinent part, is identical to the current charter provision, reads:
 There shall continue to be a City Court of the City of Baton Rouge, which shall have jurisdiction over the territorial area of the City of Baton Rouge, as extended by this Plan of Government, and the provisions of Title 13, Sections 2071 through 2080 of the Louisiana Revised Statutes of 1950 shall continue in force and effect except to the extent that they are in conflict with the provisions of this section.
It, like its successor provision, is silent on the nature of the election districts from which city judges are to be elected. This silence can only be interpreted as an intent to continue the use of the method of electing a city court judge in place at the time of its enactment, i.e. election from a district consisting of the entire city.
Act 251 of 1958 amended LSA-R.S. 13:2701 to increase the number of Baton Rouge City judges to two. That act read:
 "The City Court of the City of Baton Rouge, heretofore created and established by the provisions of LSA-R.S. 13:2071, as amended, is hereby continued and shall have jurisdiction over the territorial area of the City of Baton Rouge, as extended from time to time. The court shall consist of two judges.
 The provisions of this act are made subject to the rights privileges and duties of the city council of the City of Baton Rouge under the provisions of Section 11.04 of the Plan of government for the Parish of East Baton Rouge and City of Baton Rouge as to term, compensation and such matters in said section as may be under the constitution and laws of the State of Louisiana properly within the province of said city council."
The Act's deference to Section 11.04 of the plan of government as to the term, compensation and related matters of the City Court, and its silence on the method of electing the judges can be interpreted as an intent by the legislature to continue the election method used prior to its enactment.
Act 6 of 1960, which became effective on May 26, 1960, added the following to LSA-R.S. 13:2071:
 The court shall have two divisions, to be known as Division `A' and `B'. The judge who is senior in point of service on the court shall be the presiding judge. In the event both have served the same length of time, then the oldest in years shall be presiding.
 A candidate for nomination and election as city judge of the City of Baton Rouge, at the time of filing his declaration as candidate therefore, shall designate only one division of the Court for the judgeship of which he is a candidate and he shall be elected to and serve in the division so designated."
This Act did not change, but rather, maintained and facilitated the method of electing city judges from a district consisting of the entire city, by requiring each candidate to declare which Division of the Court he or she sought, thus allowing each division's election to be conducted separately but from the same geographical area.
Act 32 of 1960, effective January 1, 1961, consolidated the numerous laws applicable to the various city courts around the state. It repealed the specific provisions pertaining to Baton Rouge City Court previously found in LSA-R.S. 13:2071 et seq., and incorporated them into LSA-R.S. 13:1872 and 13:1952. It provided in LSA-R.S. 1872(D) that the time and manner of electing Baton Rouge City Court Judges shall be as provided by the plan of government.
Thus, at least since 1944, Baton Rouge City Court judges have been elected from a city-wide district. No provisions of the plan of government have ever been enacted to change that method, nor has the legislature enacted legislation that either changed that procedure or repealed the delegation of authority to the city to provide for such a procedure in its plan of government.
LSA-R.S. 13:1872(D) delegates to the City of Baton Rouge the authority to provide in its plan of government the manner of electing its City Court judges. It is therefore the opinion of this office that a change in the current method of electing city court judges for the city of Baton Rouge may be accomplished by amendment to the Plan of Government. A change may also be accomplished by enactment of legislation, as the legislature, through subsequent legislation can repeal that delegation or otherwise alter the method adopted by the city through its plan of government.
It is hoped that this sufficiently answers your inquiry. If we can be of further assistance, please contact the undersigned at your convenience.
Yours very truly
 RICHARD P. IEYOUB Attorney General
 BY: ROY A. MONGRUE, JR. Assistant Attorney General
RPI/RAM, jr./cdw